**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**DEBORA P. HARRIS,**
      **Plaintiff,**

**v.**                                         **CIVIL ACTION 3:08CV397**

**SHARON E. WEBSTER & FOOD LION, LLC,**
      **Defendants.**

**MEMORANDUM OPINION**

This matter is before the Court on the Plaintiff Debora P. Harris's Motion to Remand the Case to State Court (Docket No. 7). For the reasons set forth herein, the Motion to Remand is GRANTED and the case is DISMISSED without prejudice.

**FACTS AND PROCEDURAL HISTORY**

This action was initiated by Plaintiff Debora P. Harris ("Harris") in the Circuit Court of the City of Petersburg, Virginia. ("Defs.'s Notice of Removal Ex. 1 "Compl.") Harris's Complaint asserts a negligence claim against Defendants Sharon E. Webster (hereinafter "Sharon E. Quinn" or "Quinn") and Food Lion, LLC ("Food Lion"). Specifically, the Complaint alleges that on July 15, 2007, Harris was shopping at the Food Lion located at 2100 South Crater Road in Petersburg, Virginia when she slipped and fell on laundry detergent that had leaked on to the floor. (Compl. ¶¶ 4-7.) According to Harris's Complaint, Quinn was the acting store manager that day, and had knowledge that a detergent display had been leaking clear dishwashing soap onto the floor. (Compl.¶ 4.) Furthermore, Harris asserts that a Food Lion

1

employee had informed Quinn about the leak and that Quinn told the employee not to clean it up at that time because the store was too busy. ( Compl. ¶ 6.)

On May 27, 2008 the Complaint and Summons were served on Defendant Food Lion, but not served on Quinn. Even so, the Defendants collectively filed their Answer in the Petersburg Court and subsequently filed their Notice of Removal to this Court on June 26, 2008. (Docket No. 1.) In their Notice of Removal, the Defendants assert that the amount in controversy in this case exceeds $75,000, as evidenced by the Complaint's demand of $3,000,000.00. (Defs.' Not. of Removal ¶ 3.) Additionally, the Notice states that Plaintiff Harris and Defendant Quinn are both citizens of Virginia and that Defendant Food Lion is a citizen solely of North Carolina. (Defs.' Not. of Removal ¶¶ 4-6.) Despite lack of diversity between the parties, Food Lion states that this Court has jurisdiction over the action pursuant to the fraudulent joinder doctrine and 28 U.S.C. § 1332. (Defs.' Not. of Removal ¶ 6.) Plaintiff has filed an Objection to the Defendant's Notice of Removal, and its Motion to Remand which is currently before the Court.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441, any civil action brought in state court may be removed by the defendants to federal court if that court would have been able to exercise original jurisdiction over the matter. See 28 U.S.C. § 1441(a); Yarnevic v. Brink's inc., 102 F.3d 753, 754 (4th Cir. 1996). The party seeking removal has the burden of proving that original jurisdiction exists. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); Carter v. Hitachi Koki USA, Ltd., et al., 445 F. Supp. 2d 597, 600 (E.D. Va. 2006). If no basis for jurisdiction is established, the Court must remand the case back to the state court. 28 U.S.C. § 1447(c); See Yarnevic, 102 F.3d at 754.

2

When the removing party seeks to establish diversity jurisdiction, removal jurisdiction will be strictly construed. See Carter, 445 F. Supp. 2d at 600. However, when complete diversity does not exist, the removing party may assert jurisdiction pursuant to the doctrine of fraudulent joinder in order to achieve removal. See Martin v. Norfolk & W. Ry. Co., et al., 43 F.2d 293, 296 (4th Cir. 1930). Fraudulent joinder is a judicially created doctrine that the removing party may invoke when they believe that the Plaintiff has tactically named "a non-diverse defendant to defeat diversity jurisdiction." See Carter, 445 F. Supp. 2d at 600. As noted by the Fourth Circuit, "[f]raudulent joinder is a term of art, [which] does not reflect on the integrity of the plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or in fact no cause of action exists." See Aids Counseling and Testing Centers, et al. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990).

The defendant's burden in proving fraudulent joinder is heavy. See Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). In order for a removing party to successfully claim fraudulent joinder, they must show either (1) "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," or (2) "that there has been outright fraud in the plaintiff's pleading of jurisdictional fact." McGeorge Camping Center, Inc. v. Affinity Group, Inc., et al., No. 3:08CV038, 2008 WL 652110, at *1 (E.D. Va. March 11, 2008) (citing Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999)). In determining whether fraudulent joinder exists, the Court "is not bound by the allegations of the pleadings, but may instead, 'consider the entire record, and determine the basis of joinder by any means available.'" Aids Counseling and Testing Centers, 903 F.2d at 1004 (citing Dodd v.

Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1694)). In making the determination, the Court resolves all legal uncertainties in the plaintiff's favor, and "resolve[s] all doubts about the propriety of removal in favor of retained state court jurisdiction." See Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall, 6 F.3d at 232-33)). If fraudulent joinder is established, the Court may dismiss the non-diverse defendant and assume jurisdiction over the case. See Carter, 445 F. Supp. 2d at 600. If the Court finds that fraudulent joinder does not exist, then diversity jurisdiction cannot be established, and the case must be remanded to state court. See 28 U.S.C. § 1447(c).

## ANALYSIS

The Defendants have asserted three basis for which this Court should find that the Plaintiff has fraudulently joined Quinn as a defendant in this case. First, the Defendant alleges that fraudulent joinder exists because the Plaintiff has no intention of actually recovering from Defendant Quinn if she does in fact succeed and, second, that there is no appropriate state claim that can be asserted against Quinn in her capacity as a Food Lion employee. Lastly, the Defendant argues that Quinn is a nominal party to this action, and should be dismissed so that this Court can retain diversity jurisdiction. As each argument has its own analysis, they will be addressed in turn.

**A. Plaintiff's Intention of Recovering from Defendant Quinn**

The Defendants' argue that this Court should find that Defendant Quinn was fraudulently joined because Plaintiff has no intention of obtaining a joint judgment against Defendants Quinn and Food Lion. (Defs.' Mem. Opp. Mot. Remand "Defs.' Mem. Opp." at 4.) Under the doctrine of *respondeat superior*, the Defendants argue that ultimately, Food Lion would be vicariously

4

liable for any proven negligence by Quinn during the course and scope of her employment. (Defs.' Mem. Opp. at 4.) Additionally, the Defendants assert that it is clear from the amount of money the Plaintiff seeks in damages that she has no intention of seeking a joint judgment from the Defendants. (Defs.' Mem. Opp. at 4.)

When conducting a fraudulent joinder analysis, the question turns on the likelihood of liability, and not the means by which the Plaintiff will collect her judgment. See Myers v. Air Serv Corp., et al., No. 1:07cv91, 2008 WL 149136, at *2 (E.D.Va Jan. 9, 2008) ("the crucial question pertains to the likelihood of liability, not the likely success of collection efforts"). In the pleadings before the Court, it appears that the Plaintiff has set forth claims against both Defendants Quinn (see discussion infra) and Food Lion.[1] In their Answer; however, the Defendants, who filed collectively, fail to mention the doctrine of *respondeat superior*, thus not giving the Plaintiff the opportunity to respond to the potential defense. Having not mentioned *respondeat superior* in their pleadings in the State Court, the defendants now ask this Court to assume how the doctrine of *respondeat superior* would be pursued at the state level, and for the Court to predict how damages would ultimately be collected. It is not the role of this Court in a fraudulent joinder analysis to predict how damages, if due, will be rewarded; only to determine if a claim has been set forth by the plaintiff and that there was no fraud intended by the Plaintiff in executing the Complaint. In this latter regard, it is noted that Quinn was named as a defendant from the inception of the litigation in state court, as opposed to being added on removal in an

---

[1] This Court recognizes its authority to consider the entire record, and not just the pleadings before it; however, after considering the entire record, this Court finds the pleadings are sufficiently revealing as to this particular issue. Aids Counseling and Testing Centers, 903 F.2d at 1004.

arguably transparent attempt to challenge the diversity jurisdiction of the Court.  Finding that Plaintiff's intention to seek recovery from Quinn is too subjective a basis on which to resolve the issue, that the fraudulent joinder analysis should focus on whether or not a claim has been asserted against the non-diverse defendant, and that there is no other evidence of improper motive in joining Quinn as a party defendant, the Court will not dismiss Defendant Quinn on the ground asserted.

**B. Plaintiff's Failure to Assert a Cognizable Claim Against Defendant Quinn**

Fraudulent joinder can be shown if the defendant can demonstrate that even after resolving all issues of law and fact in favor of the plaintiff, there is no feasible claim that can be asserted against the non-diverse defendant in state court.  See Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999).  Here, the parties agree that Virginia law clearly dictates that an employee of a business owner or operator can only be liable for affirmative acts of negligence, and not for their omissions or failure to act.  See Beudoin v. Sites, 886 F. Supp. 1300, 1303 (E.D. Va. 1995) (citing Miller v. Quarles, 410 S.E.2d 639, 641 (Va. 1991)).  The Defendants argue that Harris has failed to assert any affirmative acts for which Quinn could be found liable. (Defs.' Mem. Opp. at 4-5).  Specifically, they interpret her complaint to allege that Quinn failed to act by not cleaning up the detergent that Harris claims was leaking from the store display; an omission they argue, and therefore not an act for which Quinn could be held liable. (Defs.' Mem. Opp. at 5-6.)

The language in Harris's Complaint asserts two theories of negligence.  First, Harris alleges that Quinn "negligently failed to remove the slippery soap or place waning signs around [the] area." (Compl. ¶ 4.)  This most certainly is an assertion of negligence by omission, and would be an improper basis for a negligence claim against Quinn in her capacity as a Food Lion

6

employee. However, later in the Complaint, Harris asserts in addition that: "Defendant Quinn not only failed to dispatch an employee to clean the substance up, but told a Food Lion employee not to clean it up as they were too busy in the store." (Compl. ¶ 6) This additional language, if established by the evidence, would constitute an affirmative act by Quinn which could be found to have at least contributed to the Plaintiff's injuries. It is not the function of this Court to examine the sufficiency of the claim, or its likelihood of success in the state Court, but only to determine if a plausible claim can be asserted against the non-diverse defendant in state court. See Marshall, 6 F.3d at 232-33 ("A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."). Finding that the Plaintiff's Complaint asserts an affirmative act of negligence by Quinn, this Court finds that there is a state claim alleged for which the Plaintiff may be able to recover in the state court.

**C. Defendant Quinn Should be Dismissed as a Nominal Party**

Defendants' last argument is that the Court should dismiss Defendant Quinn as a nominal party to this action in order to retain diversity jurisdiction over the matter. (Defs.' Mem. Opp. at 6.) In support of their argument, Defendants' explain that the Plaintiff can and is suing Quinn's employer, Food Lion, LCC from whom Harris would be able to recover any damages to which she may be entitled in this action. (Defs. Mem. Opp. at 6-7.)

It is clear from the case law that "non-diverse parties whose presence is not essential under [Federal Civil Procedure] Rule 19 may be dropped to achieve diversity between the plaintiffs and defendants" in a case. Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691-92 (4th Cir. 1978) (citations omitted). However, the decision to dismiss a non-diverse defendant is committed to the Court's discretion. See id. at 692. Finding that the Plaintiff has

7

alleged a valid state law claim while concluding that this Court should not make a determination as to whom the Plaintiff may properly recover from (as explained supra), and that there is insufficient evidence of fraudulent joinder, this Court will exercise its discretion and refrain from dismissing Defendant Quinn.

## CONCLUSION

Finding that the Plaintiff has asserted a claim for which the Plaintiff may be able to recover in state Court, and finding no evidence indicating fraudulent joinder by the Plaintiff, the Plaintiff's Motion to Remand is hereby GRANTED, and the case shall be remanded to the Circuit Court of the City of Petersburg.

An appropriate order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated:   September 23, 2008